FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ NOV 16 2005 ★
TIME A.M._____
P.M._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MR. EVER SANDOVAL - PRO SE AND
PRO SE COACH,

                 Petitioner,

      -against-                         **MEMORANDUM AND ORDER**

HON. WARDEN MR. A.F. BEELER, ET AL., ETC.,      05-CV-3467 (NG)
HON. MR. ALBERTO GONZALEZ (THE UNITED
STATES ATTORNEY GENERAL), ET AL., ETC.,
AND THE UNITED STATES GOVERNMENT
OF AMERICA (WITHIN THEIR OWN OFFICIAL
CAPACITIES AS AMERICAN AUTHORITIES),

                 Respondents.
----------------------------------------------------------------x
GERSHON, United States District Judge:

        In 2002, petitioner Ever Sandoval was indicted in this district on charges of conspiracy to import heroin and conspiracy to possess and distribute cocaine. Petitioner has not yet been tried on these charges, however, because of protracted proceedings regarding his competence to stand trial, which are chronicled in this Court's April 15, 2005, opinion in petitioner's criminal case. United States v. Sandoval, 365 F.Supp.2d 319 (E.D.N.Y. 2005). There is no need to recount the procedural history of the criminal litigation here; for purposes of this Order, it suffices to note that, after conducting a lengthy evidentiary hearing in late 2004, this Court concluded that petitioner was incompetent and ordered that petitioner be committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4241(d).

        In July 2005, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his immediate release from detention. This petition principally alleges a violation of various procedural provisions of 18 U.S.C. § 4246, but also includes a section

discussing petitioner's belief that the Uniform Commercial Code has supplanted the United States Constitution, a section purporting to describe prisoners' rights under international law and a chapter from a book by the late William Cooper.[1] However, nothing in the petition suggests a violation of petitioner's federal constitutional rights.

This petition for a writ of habeas corpus is hereby denied. The petition only substantiates this Court's determination that petitioner is unable to understand the nature and consequences of the criminal proceedings against him or to assist properly in his defense. The petition not only provides no basis for granting habeas relief, but indicates that petitioner erroneously believes that this Court is currently conducting proceedings pursuant to 18 U.S.C. § 4246. In fact, this Court is still attempting to determine whether petitioner's mental condition has sufficiently improved to permit his criminal case to proceed. See 18 U.S.C. § 4241(d). Only if this Court determines that his condition has not sufficiently improved will petitioner be "subject to the provisions of section 4246." Id.

Petitioner is currently represented in his criminal case by very capable counsel. If petitioner wishes to raise procedural objections relating to his on-going competency proceedings, he should do so through defense counsel.

---

[1] William Cooper, Behold a Pale Horse, Light Technology Publications 1991. According to promotional literature on the publisher's website, Mr. Cooper was a "former U.S. Naval Intelligence Briefing Team Member" and "the world's leading expert on UFOs." See www.sedonajournal.com/bookstore.

## Conclusion

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is hereby denied. The Clerk of Court is directed to close this civil action. Nothing herein shall preclude petitioner from raising procedural objections to his competency proceedings through counsel in his criminal case.

SO ORDERED.

/s/
_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
Nov. 10, 2005